## J. GORDON McPHERSON, APPELLANT *v.* EDWARD McCARRICK, RESPONDENT.

TEST OF RIGHT TO JURY SERVICE—UNDER SEC. 1297 R. S. 1898. OBJECTIONS TO JUROR — ON ACCOUNT OF COLOR — WHEN NOT ACTIONABLE.

*Test of Right to Jury Service—Under Sec. 1297 R. S. 1898.*
    Color is not a test of one's right to render jury service under
    Sec. 1297 R. S. 1898.

*Objections to Juror—On Account of Color—When not Actionable.*
    A written objection, by a juror, to serving on a jury with
    another certain juror on account of the color of the latter,
    although frivolous, unwarranted and unworthy, forms no
    basis for an action at law for damages, especially where the
    objection was not accompanied by either abusive language or
    assault, or defamation of character.

( Decided June 9, 1900.)

Appeal from the Third District Court Salt Lake County.
Hon. A. N. Cherry, *Judge.*

. Action by plaintiff to recover damages alleged to have been occasioned by the acts and conduct of defendant which prevented the plaintiff, a colored man, from serving upon a jury. Defendant demurred upon the ground that the complaint did not state a cause of action. The demurrer was sustained and the plaintiff failing to amend his complaint the cause was dismissed. From the judgment of dismissal plaintiff appealed. *Affirmed.*

*C. S. Patterson, Esq.,* and *George W. Moyer, Esq.,* for appellant.

All citizens have a right that if legally qualified they shall not be discriminated against in the selection of jurors. *Virginia* v. *Rives,* 100 U. S. 313; *Haggard* v. *Com.,* 79 Ky. 366; *State* v. *Ah Chew,* 16 Nev. 50 (40 Am. Rep. 488). .

Every infraction of a legal right, in contemplation of law causes injury; this is practically and legally an incontrovertable proposition. If the infraction is established, the conclusion of damage inevitably follows. 1 Sutherland on Damages, 2.

Mental suffering arising from an indignity will support an action for damages. 3 Sutherland on Damages, page 713; *DeMay* v. *Roberts,* 46 Mich. 160; *Logan* v. *Telegraph Co.,* 84 Ill. 468; *Sorelle* v. *Telegraph Co.* 4 Tex. L. J. 747.

The exclusion of a colored man from a place of amusement on the sole ground of his color, is a wanton violation of a right and privilege secured to the plaintiff by the laws of the State, which renders the defendant liable in damages. *Joseph* v. *Bidwell,* 28 La. Ann. 382 (26 Am. Rep. 103).

*S. H. Lewis, Esq.,* for respondent.

A libel is a malicious defamation expressed in writing * * * tending to injure the reputation of one who is alive and thereby expose him to public hatred, contempt, or ridicule. 13 Am. & Eng. Enc. Law, 294; 3 Sutherland on Damages, 638.

Whether the words written are actionable is a question of law. 13 Am. & Eng. Enc. Law, 352, 384, 467, 470.

The words must be defamatory in their nature, and in fact must disparage the character. 3 Sutherland on Damages, 664; 13 Am. & Eng. Enc. Law, 498; *Mayrant* v. *Richardson*, 9 Am. Dec. 707.

The words used must be false, and the truth of them is a complete defense although used maliciously. 13 Am. & Eng. Enc. Law, 396; *Johnson* v. *Brown*, 13 Fed. cases, 754.

### STATEMENT OF FACTS.

This is a suit for damages alleged to have been occasioned by acts of the defendant which prevented the plaintiff from serving upon a jury. It is alleged in the complaint, substantially, that the plaintiff is a colored man; that on February 26, 1900, he possessed all the qualifications requisite under the laws to serve as a juror in Salt Lake county; that on said day the district court, in and for Salt Lake county, ordered a special venire to be issued requiring ten persons to be summoned to serve as jurors in an action then pending entitled, "*The State of Utah* v. *John H. Benbrook;*" that the plaintiff was summoned as one of said jurors, examined touching his qualification, accepted by both sides, and duly sworn to try the cause; that after the jury had been sworn, the defendant herein, "who had also been accepted and sworn as a juror in said action, willfully and maliciously and with intent to injure and humiliate this plaintiff, and to pre-

vent him from serving on said jury, prepared, or caused to be prepared, and signed a written statement directed to the court, refusing to serve as a juror, unless the said plaintiff should be excluded therefrom, basing his objections, to serve as a juror with this plaintiff, on the sole ground that this plaintiff is a colored man;" that said writing or petition was presented to the court by this defendant, or by his direction and with his knowledge and consent, on or about the 27th of February, 1900; that thereupon, the attorneys for the respective parties, being as plaintiff is informed and verily believes, afraid of jeopardizing the interests of their respective clients by resisting the said petition," with the consent of the court, excluded this plaintiff from further participation in the trial of said action, and caused him to be discharged from further attendance at said trial as a juror; that had he been permitted to serve as a juror during said trial, he would have been entitled to receive as fees the sum of $22; and that he was greatly humiliated and put to shame in the community in which he resides, and suffered greatly in mind because of the open and public insult, and was damaged by reason thereof in the sum of $5,000.

To this complaint defendant interposed a demurrer on the ground that no cause of action was stated. The demurrer was sustained, and upon the plaintiff failing to amend the case was dismissed.

After a statement of the case, made as above, BARTCH, C. J. delivered the opinion of the court:

The sole question for determination on this appeal is whether the complaint states a cause of action, it being admitted that the court had jurisdiction of the cause. This question upon careful examination of the allegations relied upon, must be answered in the negative. The fact

that the respondent informed the court that he would not serve as a juror with the appellant, because he is a colored man, of itself, gave rise to no cause of action, notwithstanding that under our statute a colored citizen, if otherwise qualified, has the same right to serve on a jury as a white citizen, and the same means of redress in the event of an infringement of that right. Color is not a test of one's right to render jury service. Sec. 1297, R. S.

The black man in this country now enjoys full citizenship with the white man. All the rights and privileges incident to such citizenship attend him same as the white man. This is so by virtue of the Constitution of the United States. The colored man, therefore, stands upon perfect equality with all others, before the law.

In accordance with the Divine law, the humane and enlightened judgment of our country has ordained that "all men are equal before the law." Hence, while socially people may do as they choose within the law, and may associate with some and exclude others, yet, in matters public, a white man is entitled to no rights or privileges which are denied a black man, and *vice versa*. That one person is colored differently from another is in law wholly immaterial. "Because," says Mr. Justice Morse, in *Ferguson* v. *Gies*, 82 Mich. 358, "it was divinely ordered that the skin of one man should not be as white as that of another furnishes no reason that he should have less rights and privileges under the law than if he had been born white, but cross-eyed, or otherwise deformed. The law, as I understand it, will never permit a color or misfortune, that God has fastened upon a man from his birth, to be punished by the law unless the misfortune leads to some contagion or criminal act; nor while he is sane and honest can he have less privileges than his more fortunate brothers. The law is tender, rather than

harsh, towards all infirmity; and, if to be born black is a misfortune, then the law should lessen, rather than increase, the burden of the black man's life."

If then the appellant, who is a colored man, had been injured by any misdeed of the respondent the law would afford him redress. The difficulty in this case, however, is that the complaint fails to show any language, act, or conduct on the part of the respondent, which is actionable. There is nothing to show that he abused or assaulted the appellant, or attempted to expel him from the jury, or even that he employed abusive language towards him in his presence, or asked for his discharge. Nor was there any defamation of character, or any libelous accusation so far as shown by the record. The writing referred to in the complaint of itself did not injure the appellant. If he suffered any damage, it was caused by the action of the attorneys and the court in discharging him from further participation in the trial as a juror. Whether, under the circumstances, such action was warranted, we are not called upon to decide. It is clear, however, that the respondent cannot be held responsible for it. The sole charge, as to him, is that he objected in writing to serve on the jury with the appellant because of his color. While such objection was frivolous, unwarranted and unworthy of one who had taken an oath to do his duty as a juror, still under the circumstances as shown here, it was not such as to cause a pecuniary liability.

If, however, it be true, as seems to be indicated by the record, that the respondent sat quietly by without objection, until all the jurors were examined and sworn to try the cause, and then for the first time made his objection, maliciously and that such objection led to the discharge of himself and the appellant from the jury, the court to maintain its own dignity, would have been justified in

adjudging him guilty of contempt, and in imposing an adequate penalty therefor. Such conduct and trifling ought not to be permitted in a court of justice.

We are of the opinion that the demurrer to the complaint was properly sustained.

The judgment is affirmed, with costs.

MINER, J. and BASKIN, J. concur.